McMILLAN, Judge.
The appellant, Samuel Timothy Jackson, was indicted in 1996 on three counts of unlawful sale of a controlled substance. In a separate indictment in 1998, he was charged with burglary in the third degree and with theft of property. He subsequently pleaded guilty to one count of unlawful sale of a controlled substance and to the charge of burglary in the third degree; and the remaining charges were dismissed. The trial court sentenced the appellant as a habitual offender to 21 years’ imprisonment on the conviction for the unlawful sale of a controlled substance and to 10 years’ imprisonment on the burglary conviction. The court ordered the appellant’s 10-year sentence to run concurrently with his 21-year sentence.
I.
The appellant contends that his guilty pleas were not knowing and volun *1131 tary because the explanation of rights form and the plea of guilty form executed in connection with the pleas were defective. Specifically, he argues that the portion advising him of his rights was not signed by the judge and that the blocks indicating the applicable habitual offender sentences were not checked. He argues that the trial court’s colloquy did not cure the defect, because it did not advise him of his privilege against self-incrimination, his right to a jury trial, or his right to be confronted by his accusers. He also argues that the defect concerning sentencing was not cured because the court failed to apprise him of the applicable sentencing range.
However, claims relating to the voluntariness of a guilty plea must be presented to the trial court or they are waived. Anderson v. State, 668 So.2d 159 (Ala.Cr.App.1995). In addition, the trial court is to be given the first opportunity to rectify any error that it may have made concerning sentencing. Stinson v. State, 669 So.2d 1010 (Ala.1995). Here, according to the record, the appellant did not object at the plea hearing, nor did he move to withdraw his pleas or move for a new trial. Therefore, his claims cannot now be considered on appeal.
II.
The appellant contends that the sentencing procedure used by the trial court violated § 15-18-5, Ala.Code 1975, and Rule 26.9(b)(2), Ala.R.Crim.P., because the record does not indicate whether he was given credit for time he spent incarcerated before his sentences were imposed. The State correctly notes that it is not clear from the record whether the appellant was incarcerated for the entire time between his arrest and the plea hearing, or whether the present charges were the only charges for which he was incarcerated. The State therefore seeks remand so that the trial court can determine whether the appellant is entitled to any credit for time served. The State’s request is due to be granted.
Because the appellant’s claims concerning his guilty pleas were not preserved for review on appeal, his convictions of unlawful sale of a controlled substance and burglary in the third degree are due to be affirmed. With regard to the appellant’s sentences, this cause is due to be, and it is hereby, remanded to the trial court. On remand, the trial court should determine whether the appellant is entitled to any credit for time he may have spent incarcerated on these charges before sentence was imposed. Pursuant to Prichard v. State, 441 So.2d 1052 (Ala.Cr.App.1983), the appellant should receive credit for time served as to only one of his convictions, because jail time should be credited only once. A return should be filed with this Court within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.